469 S.W.2d 13 (1971)
P------ S------ M------, Appellant,
v.
The STATE of Texas, Appellee.
No. 14980.
Court of Civil Appeals of Texas, San Antonio.
April 16, 1971.
Harry A. Nass, Jr., San Antonio, for appellant.
Ted Butler, Miles L. Johnson, Patrick L. Searcy, Lucien B. Campbell, San Antonio, for appellee.
BARROW, Chief Justice.
Appellant, a fourteen year old girl, was found by the jury to be a delinquent child under the provisions of Article 2338-1, Vernon's Annotated Civil Statutes, and committed by the Juvenile Court of Bexar County to the custody of the Texas Youth Council for an indeterminate period of time, not to exceed the time when she shall have become twenty-one years of age. She was alleged to be a delinquent child under Section 3(f) of said article in that she habitually so deported herself so as to injure or endanger the morals or health of herself or others in that she ran away from home without the permission of her parents on some six stated occasions occurring over a thirteen-month period. This appeal has been perfected by Harry A. Nass, Jr., Esq., her appointed attorney and guardian ad litem.
Appellant asserts three assignments of error on this appeal: 1. The evidence is insufficient to support the jury's finding of delinquency. 2. The trial court erroneously admitted and excluded certain evidence. 3. The judgment reflects a finding of delinquency based on a preponderance of the evidence rather than beyond a reasonable doubt.
The nature of the third point requires its consideration at the outset. The judgment entered herein recites that the jury found the minor to be a delinquent child "from a preponderance of the evidence." However, the record before us clearly demonstrates that such recitation is a clerical error in that the Charge of the Court contains the following instruction: "You are further instructed that in these proceedings the burden of proof is on the Petitioner, the State of Texas and the child is presumed to be not a `delinquent child' until it is established *14 by legal evidence beyond a reasonable doubt that she is a `delinquent child'. And in case you have reasonable doubt of the child's being a `delinquent child', you will say by your answer that she is not a `delinquent child'." Furthermore, the Special Issue provides: "Do you find from the evidence beyond a reasonable doubt P____ S____ M____ is a `delinquent child' as that term has been hereinabove defined?" The State's burden of proof beyond a reasonable doubt was repeatedly emphasized by appellant's attorney in his argument and agreed to by State's attorney in his closing argument.
The Supreme Court of the United States held in the case of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), appeal from New York, that where a twelve year old child is charged with an act of stealing which renders him liable to confinement for as long as six years, then, as a matter of due process, the case against him must be proved beyond a reasonable doubt. That Court subsequently reversed and remanded to the Supreme Court of Texas for further consideration in the light of In re Winship, supra, the case of State v. Santana, 444 S.W.2d 614 (Tex.1969). In Santana, the Texas Supreme Court held that the minor had been properly found to be a delinquent child from a preponderance of the evidence for the offense of rape. On remand, Santana was dismissed with prejudice to the State upon the joint motion of the parties in that the minor had been theretofore discharged by the Texas Youth Council. See 457 S.W.2d 275 (Tex. 1970).
It is unnecessary for us to determine in this proceeding whether proof beyond a reasonable doubt is required for an adjudication of delinquency based upon a charge of run-away or whether the Winship holding is limited to an adjudication where the juvenile is charged with an act which would constitute a crime if committed by an adult. Rule 434, Texas Rules of Civil Procedure, provides in part that no judgment shall be reversed on appeal and a new trial ordered unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Here the record affirmatively demonstrates that appellant was found to be a delinquent child by the jury based on proof beyond a reasonable doubt. The clerical error of the court in misquoting the finding of the jury in the judgment was not prejudicial error. Appellant's third point is without merit and overruled.
A more difficult question is presented by appellant's point complaining of the sufficiency of the evidence. The record clearly demonstrates that appellant's relationship in her home, and particularly with her mother, is unsatisfactory. Indeed, appellant's mother, whether justified or not, appears to be the moving force behind these proceedings. The mother testified that appellant, who did not become fourteen years old until July 15, 1970, had left home without her permission on July 15, September 12, October 14, and November 12, 1969. Also, she had left on May 7 and August 12, 1970. The mother's testimony was corroborated, at least in part, by several police officers who testified at the trial.
Three of these alleged runaways are probably more in the nature of acts of disobedience in that appellant either voluntarily returned home or was found by the police while walking with friends late at night on the same day of her alleged disappearance. On two other occasions, appellant was found by the police at homes of girl friends. In May of 1970, she was found, after an absence of six days, at a home with a family consisting of three girls and a boy. The head of the household was also present, and there is no evidence of any immoral or illegal conduct. On the final disappearance, she was located by the military police with three boys, aged 13 to 17, in a car in the Salado Creek basin of Ft. Sam Houston. Her mother *15 testified that appellant had been gone nine days on this occasion. No effort was made to show how long appellant had been with the boys or that any immoral conduct took place. Appellant's mother testified that the girl had telephoned her several times during this absence and twice said she could not return home because she was under the influence of drugs. However, the military police did not testify to the presence of any drugs.
This record fully demonstrates that appellant is in need of supervision that she was not receiving at home. This is not too surprising since her father had an "alcoholic problem," her only brother had some type of mental problem for which he was receiving custodial treatment, and her mother was thereby required to work in a grocery store all day. Appellant's mother had apparently recognized that she could no longer control appellant in that she had voluntarily turned appellant over to the juvenile authorities. Little wonder in the face of this record that the jury inquired during their deliberations if appellant's attorney would assume responsibility for appellant in the future, or if there was any way for appellant to get guidance other than from her mother if the jury found her not to be a delinquent child.
The basic problem presented us by appellant's first point is whether the evidence is insufficient to support the finding that appellant had run away from home without the permission of her parents. Clearly, there is evidence appellant left without the consent of her mother. However, there is no evidence whatsoever relating to the lack of consent by her father. He took no part in the trial, and no mention was made by any witness regarding his relationship with appellant. It was shown by appellant's attorney that the father lived with the family at all relevant times, with the exception of about three months near the end of 1969 and early in 1970. Interestingly enough, this was during the six-month period in which there was no runaway by appellant.
Section 109 of the Texas Probate Code, V.A.T.S., provides in part that if the parents live together, the father is the natural guardian of the person of the minor children by the marriage. See also, Parent and Child, 44 Tex.Jur.2d, Sections 11 and 12. There is no showing that the father did not give his consent for appellant to go out with or even to stay with her girl friends on the occasions involved herein. Five of the six alleged runaways could thus be so justified, particularly since there was no testimony from the parents in the two homes where appellant was found; nor was there any showing that appellant had not continued to attend her school during such absences. On the other hand, it could be reasonably inferred that the absence of appellant's father from any involvement in this case or with the juvenile authorities on prior occasions relating to appellant was due to his lack of concern or involvement with appellant.
In the final analysis, however, this adjudication of delinquency can not stand on inference or supposition. State alleged that appellant had run away from home on six occasions without the permission of her parents, yet no effort was made to show that any of said absences occurred without the permission of appellant's father. In this situation, the evidence is insufficient to support the finding of delinquency. It is therefore unnecessary to discuss appellant's second point.
Clearly, the evidence has not been fully developed. Furthermore, it is obvious that appellant's case requires the attention of the Juvenile Court. Accordingly, the judgment of the trial court is reversed and the cause remanded.